UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORRES,<br><br>            Plaintiff,<br><br>    v.<br><br>DANIEL MAY, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00839-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    INTRODUCTION**

Arthur Torres ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds "on Plaintiff's Fourteenth Amendment due process claim against defendants May, Shimmin, and Frauenheim."  (ECF No. 9, p. 10).[1]

On December 4, 2020, Defendants filed a motion to dismiss.  (ECF No. 21).  On December 29, 2020, Plaintiff filed his opposition to the motion.  (ECF No. 22).  On January 13, 2021, Defendants filed their reply.  (ECF No. 25).

For the reasons that follow, the Court will recommend that Defendants' motion to dismiss be granted.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.     CLAIM AT ISSUE

     a. <u>Summary of Plaintiff's First Amended Complaint</u>

Plaintiff alleges as follows in his First Amended Complaint:

To address drug offenses, the California Department of Corrections and Rehabilitation ("CDCR") has promulgated regulations that make a distinction between distribution and possession.  Section 3000 of title 15 of the California Code of Regulations defines distribution as "the sale or unlawful dispersing … of any controlled substance…."  Section 3016(d) provides that "inmates shall not distribute … any controlled substance."[2]

This plain language requires an inmate to sell or disperse a controlled substance in order to violate Section 3016(d).  It is the sale or dispersing that differentiates distribution from possession.  Possession without evidence of selling or dispersing is possession.

Distribution allows prison officials to take up to 180 days of credits, one year of visitation, and two years of contact visitation after the initial one year without visitation.  Possession only allows prison officials to take up to 150 days of credits, 90 days of visitation, and 90 days of contact visitation after the initial 90 days without visitation.

In his official capacity as Senior Hearing Officer, Lieutenant Daniel May found Plaintiff guilty of violating Section 3016(d) without any evidence that Plaintiff sold or dispersed a controlled substance.  During Plaintiff's disciplinary hearing, as documented in the Disciplinary Hearing Results, May did not find that Plaintiff sold or dispersed a controlled substance.  May speculated that "if sold," Plaintiff "could have" profited.   However, May did not find that Plaintiff intended to sell or disperse a controlled substance.  May's use of the words "if" and "could have" are a tacit admission that Plaintiff's conduct did not reach distribution.  CDCR documents show that there was no attempt to distribute and no conspiracy to distribute.

May deprived Plaintiff of due process when May found Plaintiff guilty and imposed punishment consistent with a violation of Section 3016(d) without any evidence to support the finding.

Aaron Shimmin, in his official capacity as Associate Warden and Chief Disciplinary

---

[2] Plaintiff alleges that, at the time of his offense, the charge of distribution was found at Section 3016(c).

2

Officer, reviews every guilty finding and disposition. It was Shimmin's duty to ensure that all due process protections were afforded to Plaintiff and that Plaintiff was not found guilty or punished unless there was a preponderance of the evidence in favor of the guilty finding. Shimmin failed in his duty to protect Plaintiff's due process rights by affirming May's guilty finding even though there was no evidence to support that finding.

A review of the Disciplinary Hearing Results shows that, in addition to affirming May's guilty finding, Shimmin found Plaintiff guilty of violating Section 3016(d). Shimmin also imposed punishment consistent with a violation of Section 3016(d), including a loss of 180 days of credits and a one-year loss of visits, followed by a loss of two years of contact visits.

Shimmin deprived Plaintiff of due process by finding that Plaintiff was guilty of violating Section 3016(d), and imposing punishment consistent with a violation of that section, without any evidence to support that conclusion.

Scott Frauenheim, in his official capacity as Warden and Second Level Reviewer, reviewed Plaintiff's inmate appeal and provided CDCR's final decision on the issue.

Plaintiff's inmate appeal informed Frauenheim that there was no evidence of distribution as defined in Section 3000. Frauenheim had a duty to ensure that Plaintiff was afforded due process and to correct any due process violation by reversing the guilty finding and punishment imposed by May and Shimmin if the finding was not supported by a preponderance of the evidence.

However, Frauenheim failed to do so. In his second level response, Frauenheim stated "[b]eing in possession … meets the definition of conspiring to distribute." Given that Plaintiff was not charged or found guilty of conspiracy or conspiring to distribute, and that the CDCR has admitted that there was no attempt or conspiracy, Frauenheim's assertion suggests an alternative theory of guilt that is also not supported by any evidence.

Based on the above, there was no evidence of distribution to support May's conclusion. Shimmin and Frauenheim had the opportunity to correct the due process violation and failed to do so.

Plaintiff asks the Court to vacate the guilty finding and punishment imposed in Rules

Violation Report ("RVR") #5093279.  Plaintiff also asks the Court to order Frauenheim to remove any references to the charge and guilty finding from Plaintiff's central file.  Plaintiff also asks for his credits and visitation to be reinstated.  In the alternative, Plaintiff asks the Court to lower the distribution charge to possession.

      b. <u>Screening Order</u>

In the screening order, the Court found that:

> Plaintiff has sufficiently alleged that he was entitled to due process in his disciplinary hearing and that his due process rights were violated because he has alleged there was no evidence to support the decision of the hearing officer, defendant May.  Accordingly, Plaintiff has stated a claim against defendant May.
>
> As to defendants Shimmin and Frauenheim, the connection between their actions and the alleged violation is somewhat tenuous.  However, given that Plaintiff has alleged that they were involved in the violation, that Plaintiff is only seeking injunctive relief, and that these defendants may be able to provide the injunctive relief requested, the Court will allow Plaintiff's claim to proceed against these defendants as well.

(ECF No. 9, pgs. 9-10) (footnote omitted).

As the Court found that Plaintiff's only claim is cognizable, the Court ordered that this case proceed on Plaintiff's Fourteenth Amendment due process claim against defendants May, Shimmin, and Frauenheim.  (<u>Id.</u> at 10).

**III.    MOTION TO DISMISS**

      a. <u>Defendant's Motion</u>

In their motion to dismiss, Defendants argue that "Plaintiff has premised his entire claim on the assertion that there was no evidence that he sold or dispersed drugs, and so he could not be found guilty of distribution.  However, as a prisoner sentenced to life without parole, Plaintiff has failed to allege he had a cognizable liberty interest.  Moreover, assuming a liberty interest did exist, Plaintiff received all of the process he was due under the Constitution and the fact that he was in possession of a significant amount of heroin that was packaged in a form for distribution was some evidence to support his being found guilty of distribution." (ECF No. 21-1, p. 2).  Accordingly, Defendants ask the Court to dismiss this action for failure

1  to state a claim. (Id.).

2  To support their assertion that Plaintiff was found guilty because he possessed a
3  significant amount of heroin that was in a packaged form for distribution, Defendants ask the
4  Court to take judicial notice of the Rules Violation Report Plaintiff received, the Disciplinary
5  Hearing Results, and the Second Level Response to inmate appeal PVSP-B-18-01032. (Id. at
6  4). Defendants also argue that these documents were incorporated by reference into the
7  complaint. (Id.).

8        b.  Plaintiff's Opposition

9  In his opposition to the motion to dismiss, Plaintiff states that "Defendants[] argue that
10  the amount and packaging of the drugs shows intent to distribute." (ECF No. 22, p. 2).
11  "However, Plaintiff was found guilty of distribution, the completed act, not intent to distribute.
12  There is not 'some evidence' in the record to support the conclusion that Plaintiff's conduct
13  ever reached that level." (Id.).

14  "Plaintiff concedes that in some cases the 'some evidence' standard could be met by
15  amount and packaging. In this case, however, PVSP actually launched an investigation into
16  Plaintiff's involvement in drug distribution within the prison and found no evidence of such.
17  Furthermore, PVSP has already determined that Plaintiff did not intend to distribute." (Id.).
18  "[W]hen PVSP determined there was no attempt to distribute, they necessarily determined that
19  Plaintiff did not commit an overt act with the intent to distribute." (Id.).

20  "The fact that PVSP conducted an investigation and determined that Plaintiff did not
21  attempt or conspire to distribute means there must be 'some evidence' Plaintiff actually sold or
22  dispersed the drugs and not just that he intended to. There is no such evidence." (Id.).

23  "While Plaintiff concedes it has never been held that loss of credits is a protectable
24  liberty interest for lifers, it has also never been held that lifers are not entitled to due process or
25  that they may be found guilty of offenses without some evidence to support the conclusion that
26  they committed the offense. Notwithstanding the cases cited by Defendants[], courts have
27  reached the merits of due process/'some evidence' cases where the prisoner was a lifer." (Id. at
28  3).

"Furthermore, Plaintiff was assessed loss of all visitation for one year, and loss of contact visitation for two years following the first year loss of all visitation. This punishment is not typical in relation to ordinary prison life." (Id. at 4).

Finally, Plaintiff argues that "the Court has already determined that Plaintiff did not fail to state a claim." (Id. at 3).

### IV.  LEGAL STANDARDS FOR MOTIONS TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

### V.  ANALYSIS

#### a.  Incorporation by Reference

As an initial matter, the Court must consider whether the Disciplinary Hearing Results and the Second Level Response to inmate appeal PVSP-B-18-01032 are incorporated by

reference into Plaintiff's First Amended Complaint. In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998). However, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

Here, Plaintiff's complaint refers and quotes to the Disciplinary Hearing Results (ECF No. 8, p. 5) and the Second Level Response to inmate appeal PVSP-B-18-01032 (id. at 7).

Additionally, the complaint necessarily relies on these documents and they are central to Plaintiff's claim. Plaintiff's claim rests on the allegation that defendant May, the Senior Hearing Officer, found Plaintiff guilty of violating Section 3016 without any evidence that Plaintiff sold or dispersed a controlled substance. (Id. at 4). Instead, defendant May speculated that "if sold," Plaintiff "could have" profited. (Id. at 5). Thus, defendant May's findings, which are laid out in the Disciplinary Hearing Results, are central to Plaintiff's claim. Additionally, Plaintiff's claim against defendant Frauenheim is based on the allegation that in Plaintiff's inmate appeal Plaintiff told defendant Frauenheim that there was no evidence of distribution as defined in Section 3000, but defendant Frauenheim failed to reverse the guilty finding. Thus, defendant Frauenheim's response to Plaintiff's appeal is central to Plaintiff's claim against defendant Frauenheim.

Finally, Plaintiff did not challenge the authenticity (or the accuracy) of these documents. Thus, all three factors are satisfied.

The Court also notes that treating the documents as incorporated by reference satisfies the purpose of the incorporation by reference doctrine. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

Here, Plaintiff selectively quoted to the Disciplinary Hearing Results and the Second Level Response to inmate appeal PVSP-B-18-01032. Plaintiff alleged that, in the Disciplinary

Hearing Results, defendant May speculated that "if sold," Plaintiff "could have" profited. (Id. at 5). What the document actually states is: "Within a correctional setting, the heroin has an estimated value of approximately $11,600, if sold by the gram ($400 a gram) and even a greater value if broken down into smaller weights often referred to as 'papers' (single doses) to be sold. One (1) gram can be broken down into 14-16 individual doses depending on the size of each paper. If sold at $50 a paper (dose), one (1) gram can often generate $800, which is double the amount if sold at one (1) whole gram. With Gonzalez and Torres being in possession of 29 grams of heroin they could have easily profited in the range of $23,200." (ECF No. 21-2, p. 17).

As to the Second Level Response, Plaintiff alleges that in the Response defendant Frauenheim stated, "Being in possession … meets the definition of conspiring to distribute." (ECF No. 8, p. 7) (alteration in original). In full, the document actually states: "Being in possession of 29 grams of heroin, which could have easily profited in the range of $23,200, meets the definition of Conspiring to Distribute Controlled Substance." (ECF No. 21-2, p. 33).

Accordingly, based on the foregoing, the Court will treat the Disciplinary Hearing Results and the Second Level Response as incorporated by reference.

      b. "Some Evidence"

The Court next turns to whether there was "some evidence" to support the guilty finding. As discussed above, the Court allowed this case to proceed against all defendants based on Plaintiff's allegation that there was no evidence to support the hearing officer's finding that Plaintiff violated Section 3016(d). However, in allowing this case to proceed, the Court did not have access to the documents that have been incorporated by reference. After reviewing these documents along with the allegations in the complaint, the Court finds that there was "some evidence" to support the finding that Plaintiff violated Section 3016(d). Therefore, the Court will recommend that Defendant's motion to dismiss be granted.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "some evidence" must support the decision of the hearing

1  officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly
2  stringent and the relevant inquiry is whether "there is any evidence in the record that could
3  support the conclusion reached…." Id. at 455-56.

4  Pursuant to California Code of Regulations, Title 15, § 3016(d), "[i]nmates shall not
5  distribute, as defined in Section 3000, any controlled substance." According to Section 3000,
6  "[d]istribution means the sale or unlawful dispersing, by an inmate or parolee, of any controlled
7  substance; or the solicitation of or conspiring with others in arranging for, the introduction of
8  controlled substances into any institution, camp, contract health facility, or community
9  correctional facility for the purpose of sales or distribution."

10  In opposing the motion to dismiss, Plaintiff argues that he was found guilty of
11  distribution, not intent to distribute. However, under Section 3000, distribution mean "the sale
12  or unlawful dispersing," or "the solicitation of or conspiring with others in arranging for, the
13  introduction of controlled substances into any institution…." Thus, a person does not have to
14  sell a controlled substance to be found guilty of the offense of distribution.

15  And here, there is "some evidence" that Plaintiff conspired with others in arranging for
16  the introduction of a controlled substance into his institution.[3] Defendant May found the
17  following: "Within a correctional setting, the heroin has an estimated value of approximately
18  $11,600, if sold by the gram ($400 a gram) and even a greater value if broken down into
19  smaller weights often referred to as 'papers' (single doses) to be sold. One (1) gram can be
20  broken down into 14-16 individual doses depending on the size of each paper. If sold at $50 a
21  paper (dose), one (1) gram can often generate $800, which is double the amount if sold at one

---

[3] In his opposition, Plaintiff states that PVSP investigated Plaintiff's involvement in drug distribution within the prison and determined that Plaintiff did not commit an overt act with the intent to distribute. And in his complaint, Plaintiff alleges that "CDCR documents show that there was no attempt to distribute and no conspiracy to distribute." (ECF No. 8, p. 5). Thus, Plaintiff argues that it has already been determined that there was no conspiracy to distribute. However, Plaintiff does not allege that these findings were made in the context of a Rules Violation Report, and he has not cited to any regulations or case law suggesting that they have any binding effect on disciplinary findings. As described above, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The relevant inquiry here is whether there was "some evidence" supporting the decision of the hearing officer, Hill, 472 U.S. at 455, and as described in these findings and recommendations, there was.

(1) whole gram.  With Gonzalez and Torres being in possession of 29 grams of heroin they could have easily profited in the range of $23,200."  (ECF No. 21-2, p. 17).

The amount of a controlled substance in a person's possession can be evidence of distribution.  See, e.g., Vasquez v. Montgomery, 2016 WL 3135758, at *4 (C.D. Cal. Mar. 22, 2016), report and recommendation adopted, 2016 WL 3129607 (C.D. Cal. May 31, 2016) (finding that "the record includes some evidence supporting the finding that petitioner conspired to arrange for the introduction of controlled substances into the prison for purposes of sales or distribution – namely the evidence that eight individual bindles containing narcotics were secreted inside of an envelope addressed to petitioner."); Barboza v. Hill, 2011 WL 6100274, at *3 (E.D. Cal. Dec. 7, 2011) ("Contrary to petitioner's belief, the record of the disciplinary hearing contains 'some evidence' to support the SHO's finding of guilt.  Correctional officers found 2.77 grams of heroin in his possession and an expert witness essentially stated that this amount indicates possession for distribution.  That petitioner claimed that the heroin was for personal use only and that correctional officials did not find other evidence of distribution, such as pay-owe sheets, excessive canteen items, packaging materials, or confidential information, is not a sufficient basis for overturning the finding as the courts have held that the standards that apply with respect to disciplinary proceedings are significantly more lenient that [sic] those applied with respect to criminal convictions" (alteration in original)); Clarke v. Tarnoff, 2009 WL 1582897, at *5 n. 1 (E.D. Cal. June 4, 2009) ("The RVR also indicates 'some evidence' for the other elements of the offense.  The amount of and packaging of the heroin is indicative of distribution.").

As defendant May relied on the amount of heroin in Plaintiff and Gonzalez's possession, as well as its value, to find Plaintiff guilty of the offense of distribution, the Court finds that there was "some evidence" supporting the finding.  The Court notes that in so finding, the Court is not determining that Plaintiff is in fact guilty of distribution.  The relevant inquiry under the "some evidence" standard is whether "there is *any evidence* in the record that could support the conclusion reached," Hill, 472 U.S. at 455–56 (emphasis added), and here there is evidence that supports the conclusion reached.

Plaintiff also appears to argue that the motion to dismiss should be denied because the Court already determined that Plaintiff stated a claim. This argument fails. While the Court did allow Plaintiff's complaint to proceed past screening, it did not have the benefit of the documents incorporated by reference. Moreover, "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

As the Court has found, based on Plaintiff's allegations in the First Amended Complaint and the documents incorporated by reference, that there was some evidence supporting the finding that Plaintiff violated Section 3016(d), the Court will recommend that Defendants' motion be granted.[4]

## VI.   RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 21) be GRANTED; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\

---

[4] As the Court has found that Defendants' motion to dismiss should be granted because there was evidence supporting the guilty finding, the Court will not address whether Plaintiff was deprived of a liberty interest.

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**March 8, 2021**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE